# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **ANGELA DENISE NAILS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 7:05-CV-0480-RDP** |
| } | |
| **CITY OF ALICEVILLE,** } | |
| } | |
| **Defendant.** } | |

## **MEMORANDUM OPINION**

Pending before the court is Plaintiff Angela Denise Nails's request to proceed *in forma pauperis* (Doc. #2) filed on March 4, 2005. Plaintiff Nails, who is proceeding pro se, sufficiently alleges that, because of her poverty, she is unable to pay for court fees and costs to support and provide necessities for herself. 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). However, this case is due to be dismissed without prejudice because (1) it affirmatively appears from the face of the complaint (Doc. #1) that the court lacks subject matter jurisdiction, and (2) in any event, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Federal courts are courts of limited jurisdiction. Federal court subject matter jurisdiction exists pursuant to either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). Moreover, the court has an ongoing obligation to analyze and determine whether it has subject matter jurisdiction over the case before it.

In an effort to create federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff apparently relies upon 42 U.S.C. § 1983 as she has sued a municipality, Defendant City of Aliceville.[1] Section 1983 provides a mechanism for a plaintiff to obtain relief against parties, who, acting pursuant to state government authority, violate federal law. More specifically, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Nothing contained in Plaintiff Nails's complaint indicates that her civil rights were violated by the City of Aliceville or that any violation of federal law took place. Accordingly, Plaintiff Nails's complaint is due to be dismissed for lack of subject matter jurisdiction.

Alternatively, Plaintiff Nails has not stated an actionable legal claim. As stated in *Hughes v. Lott*, 350 F.3d 1157, 1159 (11th Cir. 2003):

> *In forma pauperis* proceedings are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that 'the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted. . . .' 28 U.S.C. § 1915(e)(2).

Even recognizing that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam), the court cannot envision how allegations of "meeting

---

[1] Plaintiff Nails can not rely upon federal court jurisdiction pursuant to diversity under 28 U.S.C. § 1331, as Defendant City of Aliceville is an Alabama municipality, and at the time of filing the complaint, Plaintiff was a citizen of Alabama. Thus, diversity jurisdiction does not exist in this case.

with the city prosecutor and [having] contact with the city police" regarding the harassment that Plaintiff Nails allegedly sustained from other tenants of her apartment complex state any type of cognizable claim against Defendant City of Aliceville. Accordingly, Plaintiff Nails's complaint is also due to be dismissed for failure to state a claim.[2]

An order in accordance with this memorandum opinion will be entered contemporaneously herewith.

      **DONE** and **ORDERED** this ____31st____ day of March, 2005.

                                                 **R. DAVID PROCTOR**
                                                 UNITED STATES DISTRICT JUDGE

---

[2]The court has identified five other actions filed by Plaintiff Nails in the Western Division of the United States District Court for the Northern District of Alabama: 05cv486; 05cv487; 05cv488; 05cv489; and 05cv490. Four of these five cases have been dismissed for lack of subject matter jurisdiction. The *in forma pauperis* request is still pending in 05cv486.